UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SONJA TSIRAE AMBERG, | Case No. 16-CV-0697 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| COMMONS HOTEL, | |
| Defendant. | |

---

Plaintiff Sonja Tsirae Amberg has filed this lawsuit—the seventh lawsuit that she has filed in this District in the past three weeks—bringing a claim or claims against defendant Commons Hotel. Amberg did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. Amberg's IFP application must be considered before any other action may be taken.

Based on the information provided by Amberg in her IFP application, the Court finds that Amberg qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all

reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Applying these standards, the Court finds that Amberg's complaint must be dismissed under § 1915(e)(2)(B)(ii). Amberg's complaint is incomprehensible. It consists of a few scrawled, nearly illegible fragments of text that mention Title VII, something about documents being sent to the Court, and something about a snack having been purchased at a hotel (presumably defendant Commons Hotel). To the extent these allegations are legible, they are insufficient to state a claim of discrimination (or any other type of claim) against the Commons Hotel. The complaint gives this Court—and the Commons Hotel—no clue as to why Amberg believes the Commons Hotel is liable to her.

Because Amberg's allegations are so obviously deficient, the Court will summarily dismiss this action under § 1915(e)(2)(B)(ii).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Sonja Tsirae Amberg's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 22, 2016        s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge